**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| HOLLY LAY o/b/o J.P., a minor child, Plaintiff, vs. CAROLYN W. COLVIN, Acting Commissioner of Social Security, Defendant. | Case No. 13cv3010-JPH<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 15 and 17. Attorney D. James Tree represents plaintiff (Lay on J.P.'s behalf or J.P.). Special Assistant United States Attorney Lars J. Nelson represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 14. After reviewing the administrative record and the briefs filed by the parties, the court **grants** plaintiff's motion for summary judgment, ECF No. 15, and remands for further proceedings.

**JURISDICTION**

J.P. was born December 9, 1999 at 27 weeks gestation. She only weighed one pound nine ounces (Tr. 42-43, 46). Initially, J.P. was approved for Supplemental

Income benefits at birth based on her extreme prematurity. SSA discontinued benefits when they determined J.P. no longer met the requirements for being found disabled (Tr. 57, 120). Her mother, Holly Lay, protectively filed an application on her behalf on May 1, 2008 alleging onset beginning December 9, 1999 (Tr. 43, 120-26). The application was denied initially and on reconsideration (Tr. 68-70, 72-78). Administrative Law Judge (ALJ) Steve Lynch held a hearing March 9, 2011. Ms. Lay testified (Tr. 41-53). On March 17, 2011, the ALJ issued an unfavorable decision (Tr. 18-31). The Appeals Council denied review November 30, 2012 (Tr. 1-5), making the ALJ's decision final. Lay filed this appeal pursuant to 42 U.S.C. §§ 405(g) on February 4, 2013. ECF No. 1, 5.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Ms. Lay testified J.P.'s most difficult health problem has been bowel and bladder problems. These have caused discomfort, loss of control, embarrassment and isolation. Ms. Lay opined J.P.'s attachment disorder seems to be worsening (Tr. 43-44).

**SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a child under the age of eighteen must have

"a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I). The Social Security Administration has enacted a three-step sequential analysis to determine whether a child is eligible for SSI benefits on the basis of a disability. 20 C.F.R. § 416.924(a). First, the ALJ considers whether the child has engaged in "substantial gainful activity." *Id.*, at § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id.* at § 416.924(c). Finally, if the ALJ finds a severe impairment, he or she must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the regulatory "Listing of Impairments." *Id*. at § 416.924(c)-(d). An impairment is functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas. 20 C.F.R. § 416.926a(a). An impairment is a "marked limitation" if it "seriously interferes with [a person's] ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2)(I). By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(3)(I).

In determining whether an impairment exists, the ALJ assesses the child's functioning in six domains in terms of the child's ability to: (1) acquire and use information; (2) attend and complete tasks; (3) interact and relate with others; (4) move about and manipulate objects and (5) care for oneself. Last, the ALJ assesses (6) the child's general health and physical well-being. 20 C.F.R. § 416.926a(a)-(b)(2001). In order to demonstrate functional equivalence under the Final Rules, the child must exhibit a marked limitation in two of the domains, or an extreme limitation in one domain. § 20 C.F.R. 416.926a(e)(2)(i).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as

adequate to support a conclusion.” *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). “[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence” will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**ALJ'S FINDINGS**

ALJ step one ALJ Lynch found that J.P. has not engaged in substantial activity (Tr. 21). At step two, he found J.P. suffers from the severe impairments of bladder and bowel problems secondary to tethered spinal cord, a partially detached retina affecting the right eye and attachment disorder. *Id.* The ALJ found J.P.'s impairments, although they are severe, do not meet or medically equal a Listed impairment (Tr. 23). With regard to functional equivalence, the ALJ found J.P. does not have an "extreme" limitation in any domain of functioning or a "marked" limitation in two domains (Tr. 30). Accordingly, the ALJ concluded J.P. was not disabled as defined by the Social Security Act (Tr. 30-31).

**ISSUES**

Plaintiff alleges the ALJ failed to properly weigh the opinion of a treating physician's assistant, Victoria Hopkins, and an examining psychologist, Jay Toews, Ed.D. ECF No. 15 at 2. The Commissioner alleges Plaintiff "seems to challenge the ALJ's finding that J.P. has less than marked limitations in health and physical well-being." ECF No. 17 at 4. The Commissioner further responds that the ALJ's finding of nondisability is consistent with Dr. Toews' opinion, and the ALJ gave reasons germane to Hopkins for rejecting her opinion. ECF No. 17 at 9, 13.

Alleging the ALJ's findings are factually supported and free of harmful legal error, the Commissioner asks the Court to affirm. ECF No. 17 at 16.

## DISCUSSION

*A. Opinion of Physicians' Assistant and Health and Well-Being Domain*

Plaintiff alleges the ALJ should have credited the opinion of treatment provider Victoria Hopkins, PAC. ECF No. 15 at 13-16. Hopkins evaluated J.P. in 2011 and assessed two extreme and several marked limitations (Tr. 1383-85). She assessed health and well-being as extremely limited noting J.P. is in the hospital almost every three months (Tr. 1385).

The Commissioner responds that the ALJ inartfully found Ms. Hopkins is an "unacceptable source" but any error is harmless because the ALJ gave germane reasons supported by substantial evidence for rejecting her opinion. The ALJ's reasons include Hopkins' very limited interaction with J.P., and her assessment is unreliable in light of the opinions of Katrina Guthrie, one of J.P.'s teachers. ECF No. 17 at 13-16, Tr. 25, 141-42, 165-71, 198-05.

The ALJ's first reason is not supported by the evidence. Ms. Hopkins treated J.P. over the course of about eight years. *See e.g.,* March 9, 2001 (Tr. 570 repeated at Tr. 846); January 3, 2003 (Tr. 567); September 1, 2006 (Tr. 755 repeated at 816); September 10, 2008 (Tr. 1148); October 1, 2008 (Tr. 1152); October 15, 2008 (Tr. 1154); November 24, 2008 (Tr. 1155); October 14, 2010 (Tr. 1349); November 9, 2010 (Tr. 1357); and November 16, 2010 (Tr. 1354). She submitted an evaluation of J.P. dated February 11, 2011 (Tr. 1383-85). The record shows Hopkins treated J.P.

from roughly ages two through ten, giving her a longitudinal view that Ms. Guthrie did not have.

At the March 2011 hearing Ms. Lay testified she considered PAC Hopkins J.P.'s primary care provider (Tr. 50).

In addition, Ms. Hopkins' opinions are at least partially supported by other medical evidence. In April 2007, agency consulting doctor Debra Iannuzzi, M.D., reviewed the record. She opined J.P. has a marked impairment in health and physical well-being due to chronic constipation and encopresis, given the combination of J.P.'s age and the social impact caused by these conditions (Tr. 806). In April 2009 another reviewing doctor, Norman Staley, M.D., similarly assessed a marked impairment in health and physical well-being due to the same impairments (Tr. 1185).

The ALJ rejected the assessment of a marked impairment in this domain because J.P. underwent tethered cord surgery in June 2009 and had "modest improvement" after surgery (Tr. 30, 1193, 1263). However, the record shows that six months after the operation, J.P. again required colon evacuation and is noted to have urinary retention (Tr. 1374). Three months later a treating doctor observes J.P. continues to have defecation problems and urinary retention (Tr. 1370). The ALJ's reasons for rejecting the opinions of Hopkins, Iannuzzi and Staley are not supported by the record.

Some of Ms. Guthrie's observations, those of other school personnel, and medical records support, rather than contradict, Hopkins' assessment of extreme impairment in the domain of health and physical well-being. (Tr. 1385). Due to J.P.'s chronic constipation, urinary incontinence and related physical problems, "odor at times" is noted at school. J.P. misses class due to medical issues, sometimes affecting her school work. Some soiling at school is noted. In 2006 she was hospitalized for three days for colonic cleanout. In first grade J.P. wears pull up diapers. Teachers have noted she frequently complains of stomach pain. J.P. has accidents not making it to the bathroom in time, and keeps a change of clothing at school for this purpose. (Tr. 142, 165, 168, 170-71, 198, 204, 237, 750, 778, 793, 802-03, 812, 1385).

J.P. has a history of multiple physical problems, including respiratory infections, urinary infections, urinary and bowel incontinence, and related problems. *See e.g.,* Tr. 222, 600-01, 866, 983-84, 1064, 1077, 1112, 1138, 1268-69, 1359. Treatments have included surgery in June 2009, hospitalization for colonic cleanouts, increased fluids and fiber, prescribed laxatives, enemas and suppositories. At times doctors have recommended J.P. wear diapers. *See e.g.,* Tr. 44-46, 48, 567, 594-98, 600-01, 710, 734, 736, 751, 1116, 1127-28, 1135, 1137. Bowel and bladder incontinence and related problems are well documented by medical records and lay opinions, both before and after the June 2009 surgery. *See e.g.*, Tr. 47, 142, 233,

252, 566, 570, 625, 734, 736, 750-51, 754, 756, 868-71, 919, 931, 1114-15, 1171, 1193-94, 1260, 1264-65, 1280-85, 1341-46, 1349-50; 1357-58, 1396, 1403.

Errors are harmless if they are inconsequential to the ultimate nondisability determination. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)(internal citations omitted). When an ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination. *Stout*, 454 F.3d at 1056.

Here, the ALJ's reasons for discrediting Hopkins' opinion are not supported by the record. If fully credited, the lay testimony supports a conclusion that J.P.'s limitations are marked in at least two areas and extreme in one, meaning she is disabled. Consequently, the ALJ's error in failing to provide reasons supported by the record for rejecting it was not harmless. Because the ALJ failed to provide reasons supported by the record for rejecting competent lay testimony, and because the court concludes the error was not harmless, substantial evidence does not support the ALJ's decision that J.P. is not disabled. Accordingly, the case is reversed and remanded pursuant to sentence four for further administrative proceedings. On remand the ALJ may wish to utilize the services of a testifying medical expert to review the conflicting medical evidence.

*B. Psychological evaluation*

Plaintiff alleges the ALJ should have credited Toews' opinion that J.P.'s test scores fell more than two standard deviations from the mean in six areas of functioning on a General Adaptive Behavior (GAB) test, and he deemed these results valid. She alleges the ALJ committed reversible error when he failed to consider or give any reasons for rejecting these objective findings. ECF No. 15 at 2, 10-13, Tr. 990. The Commissioner responds that Plaintiff mischaracterizes the GAB evaluation tool as a test, when in fact it is a form (the Adaptive Behavior Assessment System form) completed by Ms. Lay. ECF No. 17 at 10, n. 2, 11.

The Commissioner is correct that it is a form; the answers are Ms. Lay's responses rather than an objective test administered to J.P. by Dr. Toews. Plaintiff fails to establish error by the ALJ in considering this evidence. However, Toews notes "it would be prudent to obtain an independent assessment of adaptive functioning from the child's teacher." (Tr. 990, 992). He evaluated J.P. on July 17, 2008 and indicates he reviewed Guthrie's May 27, 2008 questionnaire given just two months earlier (Tr. 988). In 2005, Bryce McCollum, Psy.D., evaluated J.P. and opined prognosis is guarded. He assessed a GAF of 55, indicative of moderate symptoms or difficulty functioning (Tr. 521, repeated at Tr. 551 and Tr. 1043). Because the case is being remanded, the ALJ may wish to obtain an updated assessment of adaptive functioning as recommended by Dr. Toews.

The court wishes to make clear that it expresses no opinion as to what the ultimate outcome on remand will or should be. The Commissioner is free to give whatever weight to the additional evidence he deems appropriate. "[Q]uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

## CONCLUSION

After review the Court finds the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Plaintiff's motion for summary judgment, **ECF No. 15**, is **granted.**

Defendant's motion for summary judgment, ECF No. 17, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of plaintiff and **CLOSE** the file.

DATED this 30th day of January, 2014.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE